1  MICHELLE UZETA (State Bar No. 164402)
2  ANNETTE MORASCH (State Bar No. 263797)
   amorasch@hrc-la.org
3  Southern California
      Housing Rights Center, Inc.
4  520 S. Virgil Ave., Suite 400
5  Los Angeles, CA 90020
   TEL: (213) 387-8400 ex. 29
6  FAX: (213) 381-8555
7  Attorney for Plaintiffs

8           UNITED STATES CENTRAL DISTRICT COURT OF CALIFORNIA

9

10  MONICA MENDOZA, an individual;        )  Case No: CV 10-03569
    E.P., a minor, by Monica Mendoza, his )
11  guardian; K.P., a minor, by Monica    )
    Mendoza, her guardian; G.P., , a minor,)
12  by Monica Mendoza, her guardian;      )  COMPLAINT FOR COMPENSATORY
    K.G., a minor, by Monica Mendoza, her )  DAMAGES, PUNITIVE DAMAGES,
13  guardian; and SOUTHERN               )  AND INJUNCTIVE RELIEF FOR
    CALIFORNIA HOUSING RIGHTS           )  VIOLATION OF 42 U.S.C. §§ 3601-
14  CENTER, d/b/a HOUSING RIGHTS        )  3619; CAL GOV'T CODE §12955, et
    CENTER, a California nonprofit        )  seq; and CAL CIV. CODE §51 et seq
15  corporation,                         )

16              Plaintiffs,              )

17      vs.                              )

18  NEUMAN, STEINHAUSER, SAENZ &         )
    ARDITO, LLP, a California limited     )
19  liability partnership; WARREN        )
    STEINHAUSER, individually and as     )
20  partner of Neuman, Steinhauser, Saenz )
    & Ardito, LLP; STAGEN REALTY &       )
21  MANAGEMENT, INC., a California       )
    Corporation d/b/a MARIPOSA ARMS;     )
22  STAGEN PROPERTY                      )
    MANAGEMENT, INC., a California       )
23  Corporation  d/b/a MARIPOSA ARMS;    )
    THOMAS STAGEN, d/b/a MARIPOSA        )
24  ARMS, individually and as President of )
    Stagen Realty & Management, Inc.,    )
25  Stagen Property Management, Inc. and  )
    Mariposa Arms; ELIAS GARCIA,         )
26  individually and as Field Manager of  )
    Stagen Realty & Management, Inc. and  )
27

28

                              COMPLAINT

Mariposa Arms; JOSE CALLEJAS, )
individually and as a Resident Manager )
of Stagen Realty & Management, Inc. )
and Mariposa Arms )
)
      Defendants. )
)
)
)
)_

## INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages against Neuman, Steinhauser, Saenz & Ardito, LLP; Warren Steinhauser; Stagen Realty & Management, Inc.; Stagen Property Management, Inc.; Mariposa Arms; Thomas Stagen; Elias Garcia and Jose Callejas (collectively "Defendants"), for sexual harassment and discrimination based on familial status and national origin in connection with the rental of housing. Defendants have engaged in a pattern or practice of conduct with the purpose and the effect of discriminating against women, Guatemalans, Mexicans and families with minor children by among other things: imposing unreasonably restrictive rules, terms and conditions on the tenancies of Guatemalans and Mexicans; imposing unreasonably restrictive rules, terms and conditions on the tenancies of individuals with children; making written and oral statements of preference disfavoring individuals with children; making written and oral statements disfavoring Guatemalans and Mexicans; and sexually harassing female tenants. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, et seq., and related state laws.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, specifically the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"). The state law claims form the same case and controversy as the federal law

1  claims.  Thus, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to
2  hear and determine Plaintiffs' state law claims.

3      2.      All Defendants reside in this district and all events giving rise to this
4  complaint occurred in this district.  Thus venue is proper in the Central District of
5  California under 28 U.S.C. § 1391(b)(2).

6      3.      This Court has authority to grant declaratory and injunctive relief as well as
7  actual and punitive damages pursuant to 42 U.S.C. § 3612(o)(3), and 42 U.S.C. §
8  3613(c)(1).  The Court also has the authority to award Plaintiffs their reasonable
9  attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

10 **III.   PARTIES**

11     1.   At all times mentioned and relevant herein, Plaintiff Monica Mendoza ("Ms.
12 Mendoza") was and is a tenant of an apartment owned and managed by Defendants as
13 alleged herein and located at 1028 N. Mariposa, Los Angeles, California, ("Subject
14 Property").  Ms. Mendoza was and is a resident of the County of Los Angeles.

15     2.  At all times mentioned and relevant herein, Plaintiff K.G. ("K.G.") was and is a
16 tenant of the Subject Property.  K.G. is the twelve-year-old daughter of Plaintiff
17 Mendoza.

18     3.  From approximately the year 2004, Plaintiff G.P. ("G.P.") was and is a tenant of
19 the Subject Property.  G.P. is the six-year-old daughter of Plaintiff Mendoza.

20     4.  From approximately the year 2005, Plaintiff K.P. ("K.P.") was and is a tenant of
21 the Subject Property.  K.P. is the five-year-old daughter of Plaintiff Mendoza.

22     5.  From approximately the year 2007, Plaintiff E.P. ("E.P.") was and is a tenant of
23 the Subject Property.  E.P. is the three-year-old son of Plaintiff Mendoza.

24     6.  Plaintiff Southern California Housing Rights Center ("HRC") is a non-profit
25 corporation organized under the laws of the State of California with its principal place of
26 business at 520 S. Virgil Avenue, Suite 400, Los Angeles, California.  HRC's mission is
27 to actively support and promote fair housing through education and advocacy in order

1   that all persons have the opportunity to secure the housing they desire and can afford,

2   without being discriminated against based on their race, color, religion, gender, sexual

3   orientation, national origin, familial status, marital status, disability, ancestry, age, source

4   of income or other characteristics protected by law.  HRC engages in activities to identify

5   barriers to fair housing in the County of Los Angeles and to counteract and eliminate

6   discriminatory housing practices.  HRC activities include, but are not limited to: (1)

7   outreach and education to the community regarding fair housing; (2) investigating

8   allegations of discrimination; (3) conducting tests of housing facilities to determine

9   whether freedom of residence and equal opportunity are provided; (4) taking other

10  necessary steps to assure equal opportunity in order to counteract and eliminate

11  discriminatory housing practices.

12      7.  In support of its goals, HRC engages in a variety of educational, counseling and

13  referral services throughout Los Angeles, as well as conducting tests for housing

14  discrimination throughout the area.  HRC staff has spoken at various forums sponsored

15  by government agencies and real estate industry groups.  These activities provide

16  guidance and information to individuals throughout HRC's service area who are seeking

17  and providing housing.

18      8.  The public outreach activities in which HRC engages have generated numerous

19  phone calls from individuals who have a variety of needs in seeking access to housing.

20  HRC counsels these individuals on the options available to them to obtain access to

21  integrated housing and/or refers the callers to appropriate government and community

22  agencies for assistance.

23      9.  Upon information and belief, at all times mentioned and relevant herein,

24  Defendant Neuman, Steinhauser, Saenz, & Ardito, LLP, a California limited liability

25  partnership with its primary place of business located in Beverly Hills, California, was

26  and is the owner and/or manager of a residential rental apartment complex located at

27  1028 North Mariposa Avenue in the County of Los Angeles ( "Subject Property").

28

**COMPLAINT**

1    10. Upon information and belief, at all times mentioned and relevant herein, Defendant

2  Warren Steinhauser was and is an owner, partner and/or agent of Defendant Neuman,

3  Steinhauser, Saenz & Ardiot, LLP.  In this capacity, Mr. Steinhauser was and is

4  responsible for approving potential tenants and terminating the leases of in-place tenants

5  as well as approving the rules and regulations implemented at the Subject Property,

6  through policies, practices and processes adopted and implemented directly by him

7  and/or her partners, agents or employees.  At all times mentioned and relevant herein,

8  Mr. Steinhauser was and is a resident of the County of Los Angeles.

9    11. Upon information and belief, at all times mentioned and relevant herein,

10  Defendant Stagen Realty & Management, Inc., a California corporation, d/b/a Mariposa

11  Arms, with its primary place of business located in Beverly Hills, California, was and is

12  the manager of the Subject Property.

13

14    12. Upon information and belief, at all times mentioned and relevant herein,

15  Defendant Stagen Property Management, Inc., a California corporation, d/b/a Mariposa

16  Arms, with its primary place of business located in Beverly Hills, California, was and is

17  the manager of the Subject Property.

18    13. Upon information and belief, at all times mentioned and relevant herein,

19  Defendant Thomas Stagen was and is an owner, partner and/or agent of Defendant

20  Stagen Realty & Management, Inc. d/b/a Mariposa Arms, as well as owner, partner

21  and/or agent of Defendant Stagen Property Management, Inc. d/b/a Mariposa Arms.  In

22  this capacity, Mr. Stagen was and is responsible for approving potential tenants and

23  terminating the leases of in-place tenants as well as approving the rules and regulations

24  implemented at the Subject Property, through policies, practices and processes adopted

25  and implemented directly by him and/or her partners, agents or employees.  At all times

26  mentioned and relevant herein, Mr. Stagen was and is a resident of the County of Los

27  Angeles.

28

14. Upon information and belief, at all times mentioned and relevant herein, Defendant Elias Garcia was and is the "Field Manager" of the Subject Property and an employee and agent of Defendant Stagen Realty & Management, Inc., Stagen Property Management, Inc. and Mariposa Arms. Mr. Garcia is an "owner" within the meaning of Cal. Gov't Code §§ 12927(e) and 12955(a) and a "person" subject to the anti-discrimination provisions of 42 U.S.C. § 3602(d). At all times mentioned and relevant herein, Mr. Garcia was and is a resident of the County of Los Angeles.

15. Upon information and belief, at all times mentioned and relevant herein, Defendant Jose Callejas was and is the onsite property manager of the Subject Property and an employee and agent of Defendant Stagen Realty & Management, Inc., Stagen Property Management, Inc. and Mariposa Arms. Mr. Callejas is an "owner" within the meaning of Cal. Gov't Code §§ 12927(e) and 12955(a) and a "person" subject to the anti-discrimination provisions of 42 U.S.C. § 3602(d). At all times mentioned and relevant herein, Mr. Callejas was and is a resident of the County of Los Angeles.

16. Plaintiffs are informed and believe that each Defendant was the agent, employee, partner, co-conspirator, or other authorized representative of the other, and in committing the acts and omissions alleged hereinafter, were acting within the scope of their agency, employment, partnership, conspiracy, or other authorized representation. Whenever and wherever reference is made in this Complaint to any acts of Defendants, such allegations and reference shall also be deemed to mean the acts of each Defendant acting individually, jointly or severally.

## IV.   FACTUAL ALLEGATIONS

### A.   Introduction

17. The Subject Property is a dwelling within the meaning of 42 U.S.C. § 3602(b).

18. Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination against women, tenants of Mexican and Guatemalan descent, and families with children in the operation of the Subject Property.

Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

19. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

    a. Willfully and knowingly refusing to rent to tenants of Mexican and Guatemalan descent;

    b. Making rental accommodations unavailable to women, households including children and/or individuals from Mexico or Guatemala;

    c. Discriminating against a person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, sex, familial status, or national origin;

    d. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on sex, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination;

    e. Making false representations about the availability of dwellings based on national origin;

    f. Otherwise making unavailable or denying a dwelling to any person because of sex, familial status, or national origin; and

    g. Interfering with persons in the exercise and enjoyment of rights granted or protected under the California Fair Employment and Housing Act, CAL. GOV'T CODE § 12955.

20. In the alternative, Defendants have negligently failed to hire, train, supervise and discipline their agents and employees, and themselves, in order to conform the operation of the Subject Property to the standard of care for the industry.

**B.    The Tenancy of Monica Mendoza**

21.  On or about November 2001, Plaintiff Monica Mendoza moved into unit 107 at the Subject Property.  Ms. Mendoza now lives in unit 103 at the Subject Property with her minor children E.P. age 3, K.P. age 5, G.P. age 6 and K.G. age 12.

22.  On or around August 2009, Defendants issued to Ms. Mendoza and other tenants of the Subject Property, written rules entitled "**MARIPOSA ARMS APARTMENT RULES AND REGULATIONS**" (hereinafter, "Rules" attached hereto as Exhibit 1). The Rules state in part:  "Children shall not play in the courtyard area, vestibules or stairways of the apartment building."  The Rules also state: "SOME OTHER RULES MAY APPLY Such NO PARTIES, B.B. Q PINANTAS, NOISE AT ANY TIME ETC ETC, ETC.  ANY VIOLATION MAY CAUSE EVICTION".  [All *sic*.]

23.  Defendants Garcia and Callejas yell at Ms. Mendoza's children when they are in common areas of the property, telling them "go back inside" and "you can't be out here," or words to that effect.   Defendants Garcia and Callejas also refer to Ms. Menodoza's children as "pigs" and "animals."  This behavior by Defendants Garcia and Callejas has occurred repeatedly and continuously throughout the past two years of Ms. Mendoza's tenancy.

24.  Defendants Garcia and Callejas have also selectively enforced the "no parties" rule, forbidding Ms. Menodoza and her family from having gatherings in the common area, while allowing tenants of El Salvadorian descent to have gatherings in the common areas.

### C.   Housing Rights Center's Investigation

*Discrimination based on Familial Status*

25.  On or around August 2009, Ms. Mendoza contacted the Housing Rights Center ("HRC") to complain about the behavior of Defendants Garcia and Callejas and the Rules at the Subject Property.  In response to Ms. Mendoza's complaint, HRC conducted an investigation into Defendants' operation of the Subject Property

26.  On September 28, 2009, HRC conducted an on-site survey of tenants at the Subject Property.  The survey confirmed that there are rules in operation at the Subject

Property restricting children's access to, and use of, the Subject Property. Five tenants understood the Rules to mean they were not to allow their children to play outside.

27.  The survey also unearthed evidence that Defendant Garcia and Defendant Callejas harassed children and families with children. Specifically, Defendant Garcia referred to the children of one tenant as "pigs." Another tenant stated Defendant Garcia told her that her children "live like pigs" and that the Subject Property is "bad" because of the kids. A third tenant stated Defendant Garcia does not like kids and that he accused her children of living like pigs. A fourth tenant heard Defendant Garcia curse at her children, calling them profane and derogatory names.

28.  On December 29, 2009 HRC staff spoke to Defendant Steinhauser to express concerns regarding the Rules in operation at the Subject Property and demand that the discriminatory practices targeting families with children be changed. Defendant Steinhauser asked for the demand in writing; a written demand was sent to him on December 30, 2009.

29.  On January 11, 2010 HRC contacted Defendant Steinhauser to follow up on the written demand. Defendant Steinhauser informed HRC that his property supervisor, Defendant Thomas Stagen, would be handling HRC's complaint.

30.  HRC staff spoke to Defendant Stagen on multiple occasions between January 11, 2010 and February 26, 2010. Each time, Defendant Stagen put off responding to HRC staff regarding the concerns raised in the December 30, 2009 letter sent to Defendant Steinhauser.

31.  On February 26, 2010 HRC staff sent a final letter to both Defendant Stagen and Defendant Steinhauser demanding that the discriminatory policies at the Subject Property cease and provided a final opportunity to conciliate the matter. Defendants failed to respond to the letter as requested.

32.  Upon information and belief, the Rules restricting children's access to and use of the Subject Property are still in effect.

33. Upon information and belief, Defendants continue to enforce the Rules restricting children's access to, and use of, the Subject Property.

**Discrimination based on Sex**

34. An investigation conducted by HRC confirmed discrimination based on sex at the Subject Property. Two female tenants report being subjected to unwanted sexual advances or propositions by Defendant Callejas. Specifically, one female tenant stated Defendant Callejas offered to fix her sink if she would sleep with him. The same tenant later asked Defendant to fix an electrical outlet in her unit. Defendant Callejas responded "Oh I'll plug what you want, the way you want," or words to that effect. When the same tenant asked how the mess in the common area would be cleaned up, Defendant Callejas responded "I'll start wherever you want, but I like to start from behind" or words to that effect. Another female tenant stated that when Defendant Callejas came into her unit to fix a sink, he lasciviously looked at her freshly-made bed and said "Now I can sleep on your bed."

**Discrimination based on Race and/or National Origin**

35. The Rules in effect at the Subject Property specifically prohibit the use of piñatas, a popular Mexican tradition. Many tenants of Mexican or Guatemalan descent also state that the Rules forbid "carne asadas," a social barbeque of Mexican tradition. Five tenants state that Salvadorian tenants are allowed to have parties and gatherings in the common area, but the tenants from Mexico or Guatemala are forbidden to have parties.

36. The investigation conducted by HRC further revealed discrimination based national origin at the Subject Property. Multiple tenants reported that Defendants Garcia and Callejas selectively and differentially enforce the Rules at the Subject Property in a manner that favors Salvadorian tenants and disfavors tenants of Mexican and/or Guatemalan descent. Specifically, several tenants mentioned that Salvadorian tenants may keep pets, whereas tenants from Guatemala and Mexico have been forced to get rid of their own pets. Defendants also recently evicted a tenant of Mexican descent for having a dog, even though Salvadorian tenants openly keep dogs on the Subject Property.

37. The investigation conducted by HRC also uncovered evidence of Defendants' refusal to rent to home seekers of Mexican and/or Guatemalan national origin. One tenant witnessed a potential renter of Mexican descent being turned away by Defendants and told there were no vacancies, even though there were several vacant units at the time. This tenant states the vacancy was later filled by a Salvadorian. Ms. Mendoza occasionally has home-seekers come to her unit to enquire about vacancies. She directs them to the managers, Defendant Callejas and Defendant Garcia. At least two home-seekers of Mexican descent have come back to Ms. Mendoza's unit and said that the managers have told them the units are already rented. Three additional tenants noted that all new tenants at the Subject Property are Salvadorian.

38. The investigation conducted by HRC also uncovered evidence of Defendants' differential treatment of tenants, based on the national origin of the tenant, in connection with repairs. Multiple tenants feel that repairs are done on the units of Salvadorians faster and better than the repairs done, or not done, on the units of Mexican and/or Guatemalans.

39. HRC's investigation also exposed Defendant Garcia's use of derogatory and prejudicial statements against Mexicans. Defendant Garcia told one tenant to "Learn to live like the Americans. Learn to live like the gabachos [white people]." Defendant Garcia also told this tenant that she "lives like the people who are from Oaxaca, all dirty and dusty." A different tenant stated Defendant Garcia refers to the undocumented Mexican tenants as "pigs" and "animals." Another tenant from Mexico stated Defendant Garcia told her that her family lives like pigs.

### D. Continuing Discrimination

40. Upon information and belief, Defendants continue to engage in rental practices that discriminate against, harass and provide differential treatment to children, families with children, women and tenants of Guatemalan and Mexican descent. Defendants' actions and omissions constitute a continuing violation.

## V.    INJURY

41.  As a result of the Defendants' above-described actions, Plaintiff Mendoza and her minor-aged children, E.P., K.P., G.P., and K.G., have suffered, are continuing to suffer, and will in the future suffer, irreparable loss and injury, including, but not limited to, loss of their past housing, deprivation of their full use and enjoyment of their past tenancy, violation of the covenant of quiet enjoyment, invasion of the private right of occupancy, violation of their civil rights, and bodily injury including emotional distress, humiliation, embarrassment, and other special and general damages according to proof.

42.  Defendants' discriminatory actions required HRC to divert its scarce resources from its other fair housing activities, and frustrates HRC's mission to eliminate housing discrimination and actively promote fair housing in Los Angeles County.  Accordingly, HRC is an "aggrieved party" within the meaning of 42 U.S.C. § 3602(i) and CAL. GOV'T CODE § 12927(g), and seeks monetary, declaratory, and injunctive relief for housing discrimination by and through this action.

43.  The unlawful practices of the Defendants as described above were and are wanton, willful, malicious, fraudulent, and/or oppressive; were intended to cause injury; and/or were done in conscious, callous, reckless, or deliberate disregard for the federally protected rights of Plaintiffs.  Accordingly, Plaintiffs are entitled to punitive damages.

44.  An actual case or controversy exists between the parties regarding Defendants' duties under federal and state fair housing laws.  Accordingly, Plaintiffs are entitled to declaratory relief.

45.  Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to injunctive relief.

## VI.   CLAIMS FOR RELIEF

### First Claim - Fair Housing Act

### *Discrimination based on Familial Status*

(By All Plaintiffs Against All Defendants)

46.  Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 45 above.

47.  Defendants, by and through a pattern or practice of purposeful discrimination on the basis of familial status, have violated the federal Fair Housing Act, 42 U.S.C. §§ 3601, et seq., ("FHA") in that Defendants have injured Plaintiffs by engaging in the following discriminatory housing practices:

   a.  Otherwise making accommodations unavailable children and individuals with children in violation of 42 U.S.C. §3604(a);

   b.  Denying persons equal accommodations, and terms and conditions of tenancy because of their familial status in violation of 42 U.S.C. § 3604(b); and,

   c.  Making written and oral statements of preference, limitation, or discrimination with respect to the rental and use and enjoyment of housing accommodations based on familial status in violation of 42 U.S.C. § 3604 (c).

48.  As a direct and proximate result of the acts and omissions herein alleged, Plaintiffs have suffered, and continue to suffer injury.

49.  Defendants' conduct constitutes an ongoing and continuous violation of the FHA. Unless enjoined, said conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

50.  Pursuant to 42 U.S.C. §3613(c)(1) and (2), Defendants are liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys fees and costs.

## Second Claim - Fair Housing Act

### *Discrimination based on National Origin*

(By All Plaintiffs Against All Defendants)

51. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 50 above.

52. Defendants, by and through a pattern or practice of purposeful discrimination on the basis of national origin, have violated the federal Fair Housing Act, 42 U.S.C. §§ 3601, et seq., ("FHA") in that Defendants have injured Plaintiffs by engaging in the following discriminatory housing practices:

    a.    Willfully and knowingly discriminating against individuals on the basis of national origin through preferring to rent to individuals from El Salvador, in violation of 42 U.S.C. § 3604(a);

    b.    Otherwise making accommodations unavailable to tenants of Mexican and/or Guatemalan descent in violation of 42 U.S.C. §3604(a);

    c.    Denying persons equal accommodations, and terms and conditions of tenancy because of their national origin in violation of 42 U.S.C. § 3604(b);

    d.    Making written and oral statements of preference, limitation, or discrimination with respect to the rental and use and enjoyment of housing accommodations on the basis of national origin in violation of 42 U.S.C. § 3604 (c); and

    e.    Making false representations about the availability of dwellings in violation of 42 U.S.C. §3604(d).

53. As a direct and proximate result of the acts and omissions herein alleged, Plaintiffs have suffered, and continue to suffer injury.

54. Defendants' conduct constitutes an ongoing and continuous violation of the FHA. Unless enjoined, said conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

55. Pursuant to 42 U.S.C. §3613(c)(1) and (2) Defendants are liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys fees and costs.

**Third Claim - Fair Housing Act**

***Discrimination based on Sex***

(By Plaintiff HRC Against All Defendants)

56. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 55 above.

57. Defendants, by and through a pattern or practice of purposeful discrimination on the basis of sex, have violated the federal Fair Housing Act, 42 U.S.C. §§ 3601, et seq., ("FHA") in that Defendants have injured Plaintiffs by engaging in the following discriminatory housing practices:

    a.    Otherwise making accommodations unavailable to women, in violation of 42 U.S.C. §3604(a);

    b.    Denying persons equal accommodations, and terms and conditions of tenancy because of their sex in violation of 42 U.S.C. § 3604(b); and

    c.    Making oral statements of preference, limitation, or discrimination with respect to the rental and use and enjoyment of housing accommodations on the basis of sex in violation of 42 U.S.C. § 3604 (c).

58. As a direct and proximate result of the acts and omissions herein alleged, Plaintiff HRC has suffered, and continues to suffer injury.

59. Defendants' conduct constitutes an ongoing and continuous violation of the FHA. Unless enjoined, said conduct will continue to inflict injuries for which Plaintiff HRC has no adequate remedy at law.

60. Pursuant to 42 U.S.C. §3613(c)(1) and (2) Defendants are liable to HRC for compensatory damages, punitive damages, injunctive relief, and attorneys fees and costs.

### Fourth Claim – California Fair Employment and Housing Act
### *Discrimination based on Familial Status*
### (By All Plaintiffs Against All Defendants)

61. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 60 above.

62. Defendants, by and through a pattern or practice of discrimination on the basis of familial status, violated the California Fair Employment and Housing Act, CAL. GOV'T CODE § 12955 et seq., ("FEHA"), by engaging in the following discriminatory housing practices:

a. Discriminating against persons because of familial status in violation of CAL. GOV'T CODE § 12955(a);

b. Making statements with respect to the rental of a housing accommodation that indicates preference, limitation, or discrimination based on familial status, or an intention to make that preference, limitation, or discrimination, in violation of CAL. GOV'T CODE § 12955(c);

c. Discriminating against persons on the basis of familial status in violation of Section 51 of the Civil Code, as that section applies to housing accommodations, in violation of CAL. GOV'T CODE § 12955(d);

d. Aiding, abetting, inciting, compelling, or coercing the doing of any of the unlawful acts or practices, or attempted to do so, in violation of CAL. GOV'T CODE § 12955(g);

e. Otherwise making unavailable or denying a dwelling based on discrimination because of familial status, in violation of CAL. GOV'T CODE § 12955 (k); and

f.    Implementing and enforcing a policy or practice that has a discriminatory effect on families with children in violation of CAL. GOV'T CODE § 12955.8.

63.   As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer injury.

64.   Defendants' conduct constitutes an ongoing and continuous violation of the FEHA.  Unless enjoined, said conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.  Pursuant to CAL. GOV'T CODE § 12989.2, Plaintiffs are entitled to injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

### Fifth Claim – California Fair Employment and Housing Act
#### *Discrimination based on Sex*
### (By Plaintiff HRC Against All Defendants)

65.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 64 above.

66.   Defendants, by and through a pattern or practice of discrimination on the basis of sex, violated the California Fair Employment and Housing Act, CAL. GOV'T CODE § 12955 et seq., ("FEHA"), by engaging in the following discriminatory housing practices:

a.    Discriminating against persons because of sex in violation of CAL. GOV'T CODE § 12955(a);

b.    Making statements with respect to the rental of a housing accommodation that indicates preference, limitation, or discrimination based on sex, or an intention to make that preference, limitation, or discrimination, in violation of CAL. GOV'T CODE § 12955(c);

c.    Discriminating against persons on the basis of sex in violation of Section 51 of the Civil Code, as that section applies to housing accommodations, in violation of CAL. GOV'T CODE § 12955(d);

1    d.    Aiding, abetting, inciting, compelling, or coercing the doing of any of

2          the unlawful acts or practices, or attempted to do so, in violation of

3          CAL. GOV'T CODE § 12955(g);

4    e.    Otherwise making unavailable or denying a dwelling based on

5          discrimination because of sex, in violation of CAL. GOV'T CODE §

6          12955 (k); and

7    f.    Implementing and enforcing a policy or practice that has a

8          discriminatory effect on women in violation of CAL. GOV'T CODE §

9          12955.8.

10   67.   As a direct and proximate result of the aforementioned acts, Plaintiff HRC

11   has suffered, and continues to suffer injury.

12   68.   Defendants' conduct constitutes an ongoing and continuous violation of the

13   FEHA. Unless enjoined, said conduct will continue to inflict injuries for which HRC has

14   no adequate remedy at law. Pursuant to CAL. GOV'T CODE § 12989.2, HRC is entitled to

15   injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

16            **Sixth Claim – California Fair Employment and Housing Act**

17              *Discrimination based on National Origin*

18              **(By All Plaintiffs Against All Defendants)**

19   69.  Plaintiffs incorporate by reference each and every allegation contained in

20   paragraphs 1 through 68 above.

21   70.  Defendants, by and through a pattern or practice of discrimination on the basis of

22   familial status, violated the California Fair Employment and Housing Act, CAL. GOV'T

23   CODE § 12955 et seq., ("FEHA"), by engaging in the following discriminatory housing

24   practices:

25   a.    Discriminating against and harassing persons because of national

26         origin in violation of CAL. GOV'T CODE § 12955(a);

27   b.    Making statements with respect to the rental of a housing

28         accommodation that indicates preference, limitation, or

**COMPLAINT**
- 18 -

discrimination based on national origin, or an intention to make that preference, limitation, or discrimination, in violation of CAL. GOV'T CODE § 12955(c);

c. Discriminating against persons on the basis of national origin in violation of Section 51 of the Civil Code, as that section applies to housing accommodations, in violation of CAL. GOV'T CODE § 12955(d);

d. Aiding, abetting, inciting, compelling, or coercing the doing of any of the unlawful acts or practices, or attempted to do so, in violation of CAL. GOV'T CODE § 12955(g);

e. Otherwise making unavailable or denying a dwelling based on discrimination because of national origin, in violation of CAL. GOV'T CODE § 12955 (k); and

f. Implementing and enforcing a policy or practice that has a discriminatory effect on tenants and potential tenants from Guatemala and Mexico in violation of CAL. GOV'T CODE § 12955.8.

71.  As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer injury.

72.  Defendants' conduct constitutes an ongoing and continuous violation of the FEHA.  Unless enjoined, said conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.  Pursuant to CAL. GOV'T CODE § 12989.2, Plaintiffs are entitled to injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

///

///

1

## Seventh Claim- Unruh Civil Rights Act
### [Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. against All Defendants]

73. Plaintiffs hereby reallege and incorporate paragraphs 1 through 72 as if fully set forth herein.

74. Defendants injured Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. in violation of CAL. CIV. CODE §51 et seq., ("Unruh Act"), by discriminating against them on the basis of their familial status, and by discrimination against them on the basis of their national origin.

75. Pursuant to the Unruh Act, Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. are entitled to statutory damages of up to three times their actual damages as determined by the trier of fact, but no less than $4,000 for each violation.

76. Defendants' violation of the Unruh Act has been intentional and malicious, and/or with a conscious disregard of the rights of Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G., thereby entitling Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. to punitive damages in an amount to be determined at trial, but which amount is within the jurisdictional requirements of this Court.

77. Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. are also entitled to an order enjoining Defendants from further discrimination on the basis of familial status and national origin and to an order awarding reasonable attorneys' fees and costs.

78. Defendants acted and are acting with malice and oppression. Defendants are motivated by an evil intent to discriminate, and/or show a reckless and callous

indifference to the protected rights of Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. Therefore, punitive damages should be awarded to Plaintiffs Monica Mendoza, E.P., K.P., G.P., and K.G. pursuant to CAL. CIV. CODE §3294.

**Eighth Claim – Negligence**

**(By All Plaintiffs Against All Defendants)**

79. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 78 above, as though fully set forth herein.

80. Defendants owed, and continue to owe Plaintiffs a duty to operate the Subject Property in a manner that is free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by engaging in a pattern and practice of discrimination on the basis of sex, national origin, and familial status as herein alleged.

81. Defendants' negligence includes but is not limited to:

    A. Defendants' negligent failure to supervise themselves regarding compliance with the requirements of federal and state fair housing laws; and

    B. Defendants' negligent failure to operate the Subject Property in conformity with accepted industry custom and standards.

82. As a result of Defendants' negligence, Plaintiffs Monica Mendoza, Eduardo Perez, Krista Perez, Gemma Perez and Kristina N. Garcia have been injured.

83. As a result of Defendants' negligence, HRC has diverted its scarce resources, and has been caused to experience a frustration of its mission to eliminate discrimination in housing.

**Ninth Claim - Declaratory Relief**

**(By All Plaintiffs Against All Defendants)**

84. Plaintiffs herein re-allege and incorporate by reference paragraphs 1 through 83 of this complaint.

**COMPLAINT**

- 21 -

85. In acting as herein alleged, Defendants have failed to comply with the above-referenced laws which prohibit housing providers, like Defendants, from discriminating on the basis of sex, national origin, and familial status as herein alleged.

86. These laws also require housing providers, like Defendants, to provide full and equal access to housing accommodations, and to refrain from unlawful discrimination on the basis of familial status, national origin and sex.

87. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## VII. PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1. Declare that the discriminatory practices of the Defendants as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., the California Fair Employment and Housing Act, CAL. GOV'T CODE § 12955, et seq., and the Unruh Act, CAL. CIV. CODE §51, et seq.

2. Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of the Defendants, from discriminating on the basis of familial status, national origin or sex.

3. For temporary, preliminary and permanent injunctive relief enjoining Defendants from discriminating against prospective renters and in-place tenants.

4. Order all Defendants, as well as the employees and agents of Defendants, to engage in comprehensive fair housing training.

5. Order Defendants to submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

6. Award compensatory damages to Plaintiffs.

7. Award punitive damages to Plaintiffs.

8. Award any other such damages as may be allowed under all the above federal and state laws.

9. Award Plaintiffs their reasonable attorneys' fees and costs.

10.    Additional and further relief which the Court deems just and proper.

Dated:  May 12, 2010                Respectfully Submitted,

_____

ANNETTE MORASCH
Attorney for Plaintiffs

# EXHIBIT A

POOL POLICY - ALGROVE APARTMENTS
437-40-47-50 E. Algrove, Covina, CA 91723 - (818) 339-7925

JUST A SEASONAL REMINDER TO OUR RESIDENTS:

1.  Pool Hours are 9:00 A.M. to ~~8:00~~ 9:00 P.M.
2.  The pool is reserved exclusively for residents ONLY.
3.  Management permission necessary for all guests of residents.
4.  Persons having an infectious disease must stay out of pool
    area.  Be considerate of your neighbor.
5.  Tables, chairs, furniture and equipment used around the pool
    and patio area shall be left clean and free of debris and
    RETURNED neatly to their original place.
6.  NO noisy behavior disturbing the other residents is permitted
    in or around the pool area at any time.
7.  Health Dept. Regulations require that everyone with hair below
    the ears must wear a bathing cap at all times when in the pool.
8.  No toys, innertubes or any other objects whatsoever will be
    allowed in the pool at any time.  Radios, record players or
    other musical instruments are not permitted in or around
    the pool area.
9.  No food may be served or eaten in or around the pool area at
    any time.
10. At no time shall anyone BBQ in the patio area.
11. No alcoholic beverages shall be served or drunk in or around
    the pool area at any time.
12. The pool is not to be used while being serviced or repaired.
13. DO NOT tamper with pool mechanism or pool lights.
14. DO NOT smoke in the pool.
15. ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
    XXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~  NO CHILDREN AND NO EXCEPTIONS
16. All persons use the pool AT THEIR OWN RISK. NO LIFEGUARD IS
    ON DUTY.
17. The management reserves the right to exclude any and all
    undesirable, non-conforming and ineligible persons from the
    use of the pool and/or pool area.
18. All bobby pins, hairpins and/or hair ornaments must be
    removed before entering the pool.
19. DO NOT use tanning oil or lotion and enter the pool.  SUCH
    SUBSTANCE(S) MUST BE REMOVED PRIOR TO ENTERING POOL.
20. Use proper swimwear only - no cut-off jeans allowed.
21. NO diving allowed.
22. DO NOT use glass containers in the pool area.  DO NOT LEAVE
    OR USE cans or bottles of beer or soft drinks in the pool area.
23. DO NOT litter pool area and grounds with debris or hang
    articles from balcony or lean against balcony.
24. DO NOT throw cigarettes and/or cigarette butts on patio or
    in carport area.
25. Please cooperate in helping keep the pool and pool area
    clean, safe and quiet.
26. POSTED POOL POLICY MUST BE OBSERVED BY EVERYONE.


APARTMENT POLICY - ALGROVE APARTMENTS

1.  ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
    XXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~  NO CHILDREN
2.  No pets are allowed.  Please ask guests to leave pets at home.
3.  Please close all gates by hand to keep them from slamming.
4.  Guests must park in the street in front of the building.  At
    no time should they park in the garage area.
5.  No loud noise (yelling, music, television, etc.) will be
    tolerated at any time.
6.  Please do not hesitate to ask for any repair work that may
    be needed in your apartment.
7.  Nail holes in woodwork or wooden cabinets are not permitted.
    Small nails may be used in the plaster.
8.  Shake out rugs, dustmops, etc. in garage area ONLY.  DO NOT
    shake from door or balcony onto pool area.

YOUR COOPERATION WILL BE APPRECIATED BY EVERYONE.  THANK YOU,

THE MANAGEMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 3569 MMM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

ANNETTE MORASCH (State Bar No. 263797)
amorasch@hrc-la.org
Southern California Housing Rights Center, Inc.
520 S. Virgil Ave., Suite 400
Los Angeles, CA, 90020  (213) 387-8400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MONICA MENDOZA, an individual; (See
attachment for additional parties)

PLAINTIFF(S)

v.

NEUMAN, STEINHAUSER, SAENZ & ARDITO,
LLP, a California limited liability partnership; (see
attachment for additional parties)

DEFENDANT(S).

CASE NUMBER

**CV 10-03569**

**(EX)**

**SUMMONS**

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney,  Annette Morasch _____, whose address is
_520 S. Virgil Ave., Suite 400,  Los Angeles, CA 90020 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 12, 2010

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                SUMMONS

Additional Plaintiffs
E.P., a minor, by Monica Mendoza, his guardian;
K.P., a minor, by Monica Mendoza, her guardian;
G.P., a minor, by Monica Mendoza, her guardian;
K.G., a minor, by Monica Mendoza, her guardian;
SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, d/b/a HOUSING
RIGHTS CENTER, a California nonprofit corporation

Additional Defendants
WARREN STEINHAUSER, individually and as partner of Neuman, Steinhauser,
Saenz & Ardito, LLP; STAGEN REALTY & MANAGEMENT, INC., a
California Corporation d/b/a MARIPOSA ARMS;
STAGEN PROPERTY MANAGEMENT, INC., a California Corporation  d/b/a
MARIPOSA ARMS;
THOMAS STAGEN, d/b/a MARIPOSA ARMS, individually and as President of
Stagen Realty & Management, Inc., Stagen Property Management, Inc. and
Mariposa Arms;
ELIAS GARCIA, individually and as Field Manager of Stagen Realty &
Management, Inc. and Mariposa Arms;
JOSE CALLEJAS, individually and as a Resident Manager of Stagen Realty &
Management, Inc. and Mariposa Arms

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MONICA MENDOZA, an individual; (See attachment for additional parties) | NEUMAN, STEINHAUSER, SAENZ & ARDITO, LLP, a California limited liability partnership; (See attachment for additional parties) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ANNETTE MORASCH<br>520 S. Virgil Ave., Suite 400<br>Los Angeles, CA 90020   (213) 387-8400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action seeks relief against defendant based on three violations under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☑ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**CV10-03569**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date May 12, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Additional Plaintiffs
E.P., a minor, by Monica Mendoza, his guardian;
K.P., a minor, by Monica Mendoza, her guardian;
G.P., a minor, by Monica Mendoza, her guardian;
K.G., a minor, by Monica Mendoza, her guardian;
SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, d/b/a HOUSING
RIGHTS CENTER, a California nonprofit corporation

Additional Defendants
WARREN STEINHAUSER, individually and as partner of Neuman, Steinhauser,
Saenz & Ardito, LLP; STAGEN REALTY & MANAGEMENT, INC., a
California Corporation d/b/a MARIPOSA ARMS;
STAGEN PROPERTY MANAGEMENT, INC., a California Corporation  d/b/a
MARIPOSA ARMS;
THOMAS STAGEN, d/b/a MARIPOSA ARMS, individually and as President of
Stagen Realty & Management, Inc., Stagen Property Management, Inc. and
Mariposa Arms;
ELIAS GARCIA, individually and as Field Manager of Stagen Realty &
Management, Inc. and Mariposa Arms;
JOSE CALLEJAS, individually and as a Resident Manager of Stagen Realty &
Management, Inc. and Mariposa Arms

Attachment to civil cover sheet